```
LAWRENCE G. BROWN
United States Attorney
MICHAEL D. ANDERSON
TODD D. LERAS
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  | CR. S-08-319 EJG |
| Plaintiff, ) | |
| v. ) | ORDER |
| JOSE EDUARDO MORAN-MARQUEZ, ) | |
| Defendant. ) | |

    This matter came before the Court for a Status Conference on September 25, 2009.  Plaintiff United States of America was represented by Todd D. Leras, Assistant United States Attorney.  Defendant appeared with his counsel, Assistant Federal Defender Timothy Zindel.

    The parties acknowledged receipt of a psychological evaluation prepared by Gordon M. Zilberman, Ph.D.  The Court requested the psychological evaluation after it granted Defendant's Motion for Determination of Mental Competency on July 10, 2009.  Both parties waived formal hearing and submitted the matter of competency to the Court based on the psychological

1

evaluations prepared by Dr. Zilberman and Frank D. Weber, Ph.D.

The Court found that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Based on that finding and pursuant to 18 U.S.C. § 4241(d), the Court committed defendant to the custody of the Attorney General for hospitalization and treatment.  The Court further ordered that the Attorney General place defendant in a suitable facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.  Defendant's commitment to the custody of the Attorney General shall be for a reasonable period of time, not to exceed four months, or for such additional reasonable period of time as the Court finds appropriate under 18 U.S.C. § 4241(d)(2)(A).

The Court set the matter for Status Conference on January 29, 2010, at 10:00 a.m.  The Court directed that the treatment facility selected by the Attorney General prepare a report addressing the probability that defendant will attain the capacity to permit proceedings in this matter to go forward in the foreseeable future.  The report is due on or before January 29, 2010.

Based on the finding of defendant's mental incompetence, the Court excluded time under the Speedy Trial Act (18 U.S.C. § 3161(h)(1)(A) and (h)(4), as well as Local Codes A (hearing for mental incapacity) and N (period of mental incompetence of defendant to stand trial)).

IT IS ORDERED THAT:

1. The defendant is committed to the custody of the Attorney General for treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d).

2. The Attorney General shall place the defendant in a suitable facility for treatment. Such placement shall be for a reasonable period of time, not to exceed four months unless otherwise directed by the Court, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

3. The treatment facility selected by the Attorney General shall prepare a report to the Court, due on or before January 29, 2010, addressing the question whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit proceedings to go forward.

4. A Status Conference is set for January 29, 2010, at 10:00 a.m. Time is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(4), and Local Codes A and N. The exclusion of time includes the period from September 25, 2009, up to and including January 29, 2010.

IT IS SO ORDERED.

DATED: September 28, 2009

/s/ Edward J. Garcia
EDWARD J. GARCIA
United States District Judge